[*General Term, October,* 1872.]

## CHRISTIAN SCHMIDT *v.* HENRY CORDES.

Where suit is brought upon a promissory note against two persons, one of whom is a surety and known to be such by the payee and plaintiff at the time of receiving the note, and such surety does not deny the making of the note, but answers that for a sufficient consideration, without his consent, the plaintiff gave further time to the principal debtor in which to pay, and the plaintiff replies that such further time was not given without the consent of the surety, but with his full knowledge and consent:

*Held,* that such answer is new matter constituting a defense, and the burden of proof is upon the party setting it up to prove every material allegation contained in it, and a defendant must prove that he did not consent to such extension of time.

*Banning & Emery*, and *E. S. Throop*, for plaintiff in error.

*J. W. Applegate*, for defendant in error.

YAPLE, J. This is a petition in error brought to reverse the judgment of this court in Special Term, for an alleged misdirection of the court to the jury.

Henry Cordes brought suit upon a promissory note against one Henry Grube and Christian Schmidt, the plaintiff in error. The first-named defendant made default, and Schmidt answered that he was only surety in the promissory note sued upon, as the plaintiff, Cordes, at the time of receiving it, knew, and that subsequently, for a sufficient consideration, and without his consent, the plaintiff gave time to the principal to pay the note. The plaintiff replied, denying that such further time was given without his, Schmidt's, consent, but that he expressly consented to the giving of such further time.

The court charged the jury that the burden of proof was upon Schmidt to satisfy them, by the preponderance of evidence, that such further time was given by the plaintiff to the principal without his, Schmidt's, consent.

This charge was clearly correct; for, to make a successful defense, it was legally obligatory upon Schmidt to establish every material allegation in his answer, it being new matter set up by way of defense to the statements of fact contained in the petition, all of which the answer admitted. Had the answer failed to state that time was given to the principal *without the consent of the surety*, it would have been bad on demurrer, and the defendant failing to prove it at the trial, the plaintiff would have been entitled to a judgment, the making of the note being admitted. That fact was an essential element in the defense, and it is to be likened to the case of an action for injury resulting from a defendant's culpable negligence. The plaintiff must prove that, on his part, he committed no culpable negligence contributing directly to his injury. If, in such cases, the de-

fendant may be said to be held to prove a negative, it is because the same is an essential ingredient in his case or defense. See *Hoffman* v. *Gordon & Bro.*, 15 Ohio St. 215.

Judgment affirmed without penalty, as there was reasonable ground for the proceedings in error.